## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

| | |
|---|---|
| Kerry Yandle and Marilyn Yandle, | : Civil Action No.: _____ |
| | : |
| Plaintiffs, | : |
| v. | : |
| | : |
| Mercantile Adjustment Bureau, LLC, | : **COMPLAINT** |
| | : **JURY TRIAL DEMANDED** |
| Defendant. | : |
| | : |
| | : |

For this Complaint, the Plaintiffs, Kerry Yandle and Marilyn Yandle, by undersigned counsel, state as follows:

## JURISDICTION

1.      This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and North Carolina Fair Debt Collection Practices Act, by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiffs, Kerry Yandle (hereafter "Kerry") and Marilyn Yandle (hereafter "Marilyn," and together with Kerry, the "Plaintiffs"), are adult individuals residing in Lincolnton, North Carolina, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Mercantile Adjustment Bureau, LLC ("Mercantile"), is a New York business entity with an address of 6390 Main Street, Suite 160, Williamsville, New York 14221, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. **The Debt**

6.     Plaintiffs allegedly each incurred financial obligations in separate transactions (the "Debts") to Citizen's Bank (the "Creditor").

7.     The Debts arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.     The Debts were purchased, assigned or transferred to Mercantile for collection, or Mercantile was employed by the Creditor to collect the Debts.

9.     The Defendant attempted to collect the Debts and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. **Mercantile Engages in Harassment and Abusive Tactics**

10.     Kerry was a co-signer with his son on one of the Debts.  Marilyn was a co-signer on the other Debt with her grandson.

11.     Within the last year, Mercantile contacted the Plaintiffs in an attempt to collect the respective Debts by placing numerous calls to Kerry's residential telephone and Marilyn's residential telephone.

12.     During conversations with Kerry, Mercantile rudely called Kerry "trash" and accused him of being a "delinquent son of a b****."

2

13.     On several occasions, Kerry requested Mercantile cease calling his residential telephone due to the harassing nature of the calls.

14.     Additionally, Kerry requested Mercantile cease calling his elderly 71- year old mother, Marilyn, as the calls were extremely harassing and distressing to her.

15.     In response, Mercantile falsely told Kerry that Marilyn had fraudulently signed on the Debt.

16.     Moreover, Mercantile continued to hound Plaintiffs with telephone calls in its collection efforts.

17.     Mercantile placed a call as late as 9:40p.m. to Kerry.

18.     During conversations with Mercantile, Marilyn repeatedly attempted to explain that she could not afford to make a payment on the Debt as her only source of income was her Social Security disability.

19.     Mercantile, however, continued to hound Marilyn for payment and threatened to arrest Marilyn and put her in jail.

20.     Mercantile also threatened to bring a lawsuit against Marilyn.

21.     No such legal action has been taken and, upon information and belief, Mercantile threatened Marilyn in order to obtain immediate payment on the Debt.

**C. <u>Plaintiffs Suffered Actual Damages</u>**

22.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendant's unlawful conduct.

23.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

3

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

24.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted the Plaintiffs after 9:00 p.m.

26.     The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

27.     The Defendant's conduct violated 15 U.S.C. § 1692d(2) in that Defendant used profane and abusive language when speaking with the consumer.

28.     The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

29.     The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

30.     The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiffs with imprisonment if the Debt was not paid.

31.     The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

32.     The Defendant's conduct violated 15 U.S.C. § 1692e(7) in that Defendant falsely misrepresented that the Plaintiffs had committed a crime, in order to disgrace the Plaintiffs.

4

33.     The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

34.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35.     The Plaintiffs are entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT, N.C. Gen.Stat. § 58-70, et seq.

36.     The Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     The Plaintiffs are each a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

38.     The Defendant is a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15, and is duly licensed collect debt in the state of North Carolina pursuant to N.C. Gen.Stat. § 58-70-1.

39.     The Defendant falsely accused or threatened to accuse the Plaintiffs of fraud or any crime, or of any conduct that would tend to cause disgrace, contempt or ridicule, in violation of N.C. Gen.Stat. § 58-70-95(2).

40.     The Defendant represented that nonpayment of the Debt could result in the arrest of the Plaintiffs, in violation of N.C. Gen.Stat. § 58-70-95(5).

41.     The Defendant threatened to take any action not in fact taken in the usual course of business, in violation of N.C. Gen.Stat. § 58-70-95(7).

5

42.     The Defendant used profane or obscene language, or language that would ordinarily abuse the typical hearer or reader, in violation of N.C. Gen.Stat. § 58-70-100(1).

43.     The Defendant caused a telephone to ring or engaged the Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the Plaintiffs under the circumstances or at times known to be times other than normal waking hours of the Plaintiffs, in violation of N.C. Gen.Stat. § 58-70-100(3).

## COUNT III

## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

44.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.      The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

46.     The Plaintiffs suffered mental anguish, lost wages and other damages in an amount to be proven at trial.

47.      Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiffs are entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

6

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to N.C. Gen.Stat. § 58-70-130(a);

5. Statutory damages of $4,000.00 *for each violation* pursuant to N.C. Gen.Stat. § 58-70-130(b);

6. Attorney's fees pursuant to N.C.G.S. § 75-16.1;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 16, 2014

Respectfully submitted,

By: ___*/s/ Ruth M. Allen*_____

Ruth M. Allen, Esq.
Ruth Allen Law PLLC
Bar Number: 34739
7413 Six Forks Road, Suite 326
Raleigh, NC 27615
Email: rallen@lemberglaw.com
Telephone: (855) 301-2100 Ext. 5536
Facsimile: (888) 953-6237
Attorney for Plaintiffs

Of Counsel To:

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

7